# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| LINCOLN ANTHONY MOODY, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) Civil Action |
| | ) No. 11-3103-CV-S-ODS-H |
| JUAN CASTILLO,[1] Warden, | ) |
| United States Medical Center for | ) |
| Federal Prisoners, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation and has failed to exhaust administrative remedies, it must be recommended that he be denied leave to proceed in forma pauperis.

After the Show Cause Order was filed, respondent filed a response. Thereafter, counsel for petitioner filed a motion to withdraw. Petitioner was afforded the opportunity to file a *pro se* traverse, which he did. He also filed a request to file a supplemental petition, which was granted.

Petitioner asserts that his Medical Care Level is improperly calculated at Level Four, and that this classification is preventing from having the ability to transfer from the Medical Center. He also contends that his care level is being maintained at Level Four because staff at the Medical Center

---

[1] The name of the current warden at the Medical Center, Juan Castillo, has been substituted for that of the former warden, Marty C. Anderson.

1

are retaliating against him for filing grievances. Petitioner contends that his liberty interests are being ignored, and that Medical Center staff are being malicious in maintaining him as a care level four.

A review of the record indicates that petitioner is incarcerated at the Medical Center because of his chronic medical needs. He suffers from human immunodeficiency virus (HIV). The standard laboratory test for assessing HIV stage is through a CD4 count. Respondent states that since petitioner has been at the Medical Center, his CD4 count has been chronically low with the exception of one test performed in October 2010. The record also indicates that petitioner has refused to take his HIV medication on several occasions, which causes the CD4 count to be low. Respondent submits that petitioner has refused tests to determine his CD4 count multiple times, and that his levels fluctuate greatly.

Petitioner is classified as a care level four, which is the highest care level, and means that his chronic care needs cannot be addressed at a typical BOP institution. His classification as a care level four requires that he be designated at a medical referral center, which is uniquely equipped to provide for the appropriate medical care. Therefore, petitioner is at the Medical Center. Respondent submits that petitioner will continue to be classified as a care level four inmate and remain at the Medical Center as long as his CD4 count remains low. Because petitioner has not complied with his HIV treatment and has not taken his HIV medication as prescribed, his CD4 count remains low or fluctuates greatly. As a result, petitioner continues to carry a care level four classification.

Pursuant to Moody v. Daggett, 429 U.S. 78, 88 (1976), the BOP's prison classification system does not confer a protected right, and the classification system is entirely within the

discretion of prison officials. See 18 U.S.C. § 4081; Carney v. Houston, 33 F.3d 893, 984-95 (8th Cir. 1994). Further, inmates have no right to serve a sentence in a particular institution. Olim v. Wakinekona, 461 U.S. 238, 242 (1983).

A review of the record indicates that petitioner is properly classified as a Medical Care Level Four inmate because of his chronic medical needs, and that he is appropriately housed at the Medical Center. It also appears that his lack of compliance with recommended treatment and testing is counter-productive to his desire to have a different care level classification. Based on a review of the record as a whole, the Court finds that there has been no abuse of the BOP's discretion regarding his classification.

Additionally, there is no evidence to support petitioner's accusation that he is being classified as a care level four in retaliation for his having filed multiple grievances. The record indicates that petitioner is properly classified because of his chronic medical needs. It is also clear that petitioner has failed to exhaust administrative remedies on the issue he raises regarding retaliation. Therefore, it must be recommended that the petition for habeas corpus relief be dismissed without prejudice.

Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted.[2]

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis, and that the

---

[2] Petitioner has 14 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge, should he desire to do so.

3

petition for habeas corpus relief be dismissed without prejudice.

/s/ James C. England
JAMES C. ENGLAND
United States Magistrate
Judge

Date: 8/8/11